(No. 4872-

C. MITCHELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1961.*

KAVATHAS AND CASTANES, Attorneys for Claimant.

WILLIAM L. GUILD, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant, C. Mitchell, has filed his complaint in this Court for property damages.

Respondent has not filed an answer, therefore, a general denial or traverse of the allegations of the complaint will be considered as filed.

On February 15, 1959, claimant owned a 1953 Buick automobile, which was being driven by Theodore Blanas, with the consent of claimant.

Two witnesses testified on behalf of claimant, namely, the driver of the car, Theodore Blanas, and a friend, who lived in the neighborhood where the accident happened, by the name of Martha Skan.

The facts briefly stated are that on February 15, 1959, Theodore Blanas, was driving claimant's car in a southerly direction on Skokie Boulevard, about 500 yards north of its intersection with Grosse Point Road. At that location said highway is a four-lane highway with a painted line separating the northbound and southbound traffic. Skokie Boulevard is a public highway located in

the Village of Skokie, County of Cook, and State of Illinois.

The driver of the automobile testified that, at or about the hour of 10:00 A.M., he was driving claimant's automobile in a southerly direction on said highway aforesaid. This automobile was owned by his father-in-law, and he had been driving it for several months, and had driven over the highway in question before. He stated he was in the center lane going south, and that Skokie Highway that morning was covered with snow and ice, and was wet. He further testified that there was one and three quarters lanes open for southbound traffic, and that there was not room for two cars to proceed on Skokie Highway. He further testified that, when he was approximately 60 feet away, he saw a hole in the road, which was approximately 3 inches deep and approximately 3 feet from the north to the south, and about the width of the car; that the hole was filled with ice, slush and snow; that he had been driving about 35 m.p.h., and, when he ran into the hole, he was going approximately 20 m.p.h.

He stated that his car skidded for a short distance, but that he did not leave the highway.

He stated that running into the hole damaged the following parts of the vehicle: tie rod was bent, stick was almost dragging to the ground, right front fender, right front bumper, hub cap, and the right side of the car was down, as though the spring was broken, and also damage to a tire.

From the record it is apparent that there were no warning signs, barricades, or any warning whatsoever advising the traveling public of the break in the highway. The hole in the highway was obscured by ice, snow and slush.

The highway had been in a defective condition and dangerous to the traveling public prior to Thanksgiving, which was a considerable length of time before the accident in question occurred.

Respondent did not offer any evidence to contradict the evidence offered by claimant. Claimant offered two exhibits, one of which was a paid repair bill covering the repairs to the automobile, which claimant contended was the result of the accident in question.

We are mindful of the fact that we have held several times that respondent is not an insurer of all people traveling upon its highways, but it does have an obligation to keep its highways in a reasonably safe condition for motorists traveling over them. If the highways are in a dangerously defective condition, which might be hazardous to the traveling public, then respondent is obligated to erect barriers or signs warning the people traveling over said highway of any dangerous or defective condition.

The only evidence in the record as to the driving of the vehicle owned by claimant was that of the driver himself, Theodore Blanas, who testified that he was driving at the time he ran into the hole not to exceed 20 miles per hour; that, because of the ice, snow and slush, he was unable to see the hole until he was within a few feet of it, and that he did not strike any other object.

Respondent, in maintaining said highway by its agents, employed by the Division of Highways, either had actual or constructive notice that this highway was defective, and should have either repaired the hole or placed warning signs so that the traveling public could have governed themselves accordingly.

From the record we find that neither claimant nor the operator of his automobile, Theodore Blanas, was guilty of contributory negligence, but that it was the

negligence of respondent's agents, which was the proximate cause of the accident in question resulting in damage to claimant.

It is, however, difficult to understand, and there is no explanation of it in the record, as to how certain parts on said automobile, such as damage to grill and bumper, which are more than twelve inches from the ground, were damaged by running into the hole, the size of which was testified to by claimant's witnesses. However, respondent did not go into these various matters, so that we would have anything other than claimant's testimony and exhibits in passing upon the amount of damage done to claimant's vehicle as the result of this accident.

Respondent could have, by cross-examination, brought out certain facts, which would eliminate any speculation on our part, but did not do so, and, therefore, we have no alternative but to pass upon the evidence, or lack of evidence, as we find it.

The Commissioner, who heard this case, had an opportunity of examining the witnesses, which he did, and examining the exhibits. He has made a recommendation that claimant be awarded damages in the full amount of $312.59.

It will, therefore, be the order of this Court that claimant be awarded a claim for damages to his automobile in the amount of $312.59.